No. 4559.

H. M. Fowler, James S. Morgan and als. *v.* Ellen Morgan Individually and as Tutrix.

Where it was contended that a donation *inter vivos*, made in 1858, by a white father to his two daughters who were born of a black woman, then a slave, but who, with their mother, were entitled to claim their liberty at a future time *(statu liberæ)* was in violation of law and therefore null and void ;

Held—That the rights of the parties must be decided under the provisions of article 193 of the Code of 1825, and that under the circumstances of the case, the donation must be sustained, whatever may be the moral view of the question.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey, J. Fuqua & Callihan,* for plaintiffs and appellees. *Herron & Gallagher,* for defendants and appellants.

Justices concurring : Ludeling, Howell, Taliaferro.

Howell, J. The plaintiffs, as forced heirs of James S. Morgan, de--

ceased, claim to be the owners, by inheritance, of a certain lot and the improvements thereon, in the town of Baton Rouge, and sue the defendant, individually and as tutrix, to recover the same and the rents thereof, alleging that the defendant pretends to hold it by virtue of a donation, dated twentieth September, 1858, to her two minor children the issue of her alleged marriage with said Morgan, which marriage they say was prohibited by law, the said defendant being then a slave, and the said minors, if the children of said Morgan, were bastards and incapable of receiving from him by donation or other-wise. The defendant pleads the general denial, admits possession of the property and avers that it belongs to her two minor children, who became the lawful owners thereof by act of donation from J. S. Morgan on the above date, which is duly recorded, and pleads the pre-scription of five and ten years. From a judgment in favor of the plaintiffs the defendant appeals.

The material facts as presented in the record are, that on twentieth September, 1858, the said J. S. Morgan, then a widower, by act of donation *inter vivos* before the recorder of the parish gave the prop-erty in controversy to the said two minors, acknowledging them in the act to be his daughters, and estimating the property at $5000, H. V. Babin accepting the donation in behalf of said minors and signing the act with said donor, which was duly recorded; that the said minors and their mother, the defendant, were then *statu liberæ*; that Morgan, the donor, died in 1860, and his succession was duly opened in 1861, J. H. New being appointed administrator, who caused the said property to be inventoried as belonging to the succession, and in 1867 filed his final account, in which he represented said property and a small sum in cash as constituting the assets of the succession, to which the plaintiffs herein, residing in Ohio and Massachusetts, were entiled as the sole legitimate heirs, and judgment was rendered con-tradictorily with the attorney for absent heirs homologating the ac-count, authorizing the administrator to turn over to the said heirs, the property, rights, etc., set forth in the account, canceling his bond and releasing him and his sureties from liability; and that on the seventh September, 1864, the defendant was appointed and confirmed as natural tutrix of the said minors.

It is contended, on behalf of plaintiffs, that the donation is null, because the donees, being illegitimate colored children, can receive only what is necessary to procure their sustenance or an occupation or profession, under the provisions of article 1470 of the Code of 1825, and that the donation being one of real estate in fee simple is not sus-ceptible of redonation as contemplated by the second clause of said article, and is therefore not a settlement of the alimony, but is in vio-lation of the letter and spirit of the said article and absolutely null.

Whether this proposition be correct in law or not, it is unnecessary now to determine, as the rights of the parties must be settled under the provisions of article 193 of the Code of 1825, which is in the following words: "The slave who has acquired the right of being free at a future time, is from that time capable of receiving by testament or donation. Property given or devised to him must be preserved for him, in order to be delivered to him in kind, when his emancipation shall take place. In the mean time it must be administered by a curator."

As the donees had at the date of the donation acquired the right of being free at a future time, and H. V. Babin accepted the donation for them, and the defendant as their tutrix is in possession and enjoyment of the property donated, and the donees have long since become free, we must presume that the said property has been preserved for them, and that the donation has been perfected.

We can see no circumstances in this case which have defeated the rights of the children of the defendant, whatever may be the moral view of the question.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant as natural tutrix of of the minors Alice and Ella Morgan, and against plaintiffs with costs in both courts.